CRAIG A. NIEMEYER AND BARBARA RAE NIEMEYER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Niemeyer v. Commissioner
Docket No. 6277-79.
United States Tax Court
T.C. Memo 1980-519; 1980 Tax Ct. Memo LEXIS 68; 41 T.C.M. (CCH) 406; T.C.M. (RIA) 80519; November 24, 1980, Filed Craig A. Niemeyer, pro se. Rose A. Mendes, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a net deficiency of $4,208.00 in petitioners' income tax for the taxable year ended December 31, 1977. Petitioners resided in Wapakoneta, Ohio, at the time they filed their petition herein. They refused to enter into any stipulation of facts, although they were warned by the Court, prior to trial, that if they failed to do so, their case might be dismissed for failure properly to prosecute. From respondent's notice of deficiency, it appears that, for the taxable year 1977, petitioners failed to report and pay tax on $24,718.73 in wages. Respondent allowed the standard deduction and two exemptions and determined the deficiency based *69 on the tax tables applicable to married persons filing jointly. In their petition, petitioners assert the statute of limitations. This contention is without merit. The statute of limitations with respect to the taxable year 1977 does not expire until three years after April 15, 1978, the due date of the return for that taxable year. Section 6501. The notice of deficiency herein was issued on February 16, 1979, well within that period. In their petition, petitioners also assert a variety of constitutional, legal, and economic arguments. When the case was called for trial, petitioners made it clear that the foundation of their position was their allegation in their petition that they had failed "to earn 'Dollars' as defined by the U.S. Constitution." [1]
*70 The Court made clear to petitioners on the record, and reiterates, that their asserted defenses against the respondent's deficiency notice are totally without merit and frivolous. They have been frequently considered and rejected by the courts, and we see no purpose to be served in regurgitating the foundations of of those decisions. Indeed, the taxpaying public is entitled to better use of the judicial resources for which they pay. Petitioners have the burden of proof. See Rule 142(a), Tax Court Rules of Practice and Procedure. Such being the case and since petitioners' legal, etc., arguments are without merit, it is clear that respondent's determination should be sustained. [2] Moreover, we hold that our conclusion can also be sustained on the grounds that petitioners have failed properly to prosecute their case. *71 Decision will be entered for the respondent.
Footnotes
1. Petitioners, at the call of the case for trial, also suggested that they were not taxable because they were members of a religious organization exempt from tax and that, because of an alleged vow of poverty, they did not receive any taxable income. No such allegations are contained in the petition and we therefore do not consider that any such issue was properly before us. See Rule 34, Tax Court Rules of Practice and Procedure. In any event, it is highly unlikely that petitioners could have prevailed on such grounds. The Southern Church of Universal Brotherhood Assembled, Inc. v. Commissioner, 74 T.C.     (Sept. 10, 1980); Lynch v. Commissioner,T.C. Memo. 1980-464; Abney v. Commissioner,T.C. Memo. 1980-27; Lucas v. Earl,281 U.S. 111↩ (1930).
2. On or about August 28, 1980, petitioners served a a request for admissions on respondent. Since the case was calendared for trial on September 29, 1980, the request was clearly untimely, to say nothing of the fact that the matters covered thereby were clearly not relevant to the subject matter of the case. The matters contained in the proposed stipulation of facts presented to respondent by petitioner on or about September 24, 1980, were similarly irrelevant. See Rules 70(a)(2) and (b) and 90(a), Tax Court Rules of Practice and Procedure.↩ Under these circumstances, the Court ruled, at the time the case was called for trial, that respondent was under no obligation to respond in any degree to either the request for admissions or the proposed stipulation of facts.